**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30087-SMY-2 |
| ) | |
| RONALD L. SEAGRAVES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant Ronald L. Seagraves was sentenced on March 28, 2008 to 262 months imprisonment and 10 years of supervised release for conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine in excess of 500 grams in violation of 21 U.S.C. § 846, possession of chemical, product or material with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6), and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 189). He is currently housed at FCI Forrest City Low, Arkansas and his projected release date is April 6, 2024.

Now pending before the Court is Seagrave's Motion for Compassionate Release pursuant to the First Step Act of 2018 and Amended Motion for Compassionate Release in which he seeks release due to the COVID-19 global pandemic (Docs. 554 and 568). The Government has responded in opposition (Doc. 566). For the following reasons, the Motion is **DENIED.**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the

same.  *Id*.  If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.  *Id*.

Seagraves failed to exhaust his administrative remedies before filing the instant motion – he has not sought relief from the warden at FCI Forrest City Low.  The exhaustion requirement is mandatory; Seagraves must either fully exhaust his administrative remedies or wait 30 days after making a request of the warden before filing suit.  *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense . . . , not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."); *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Seagraves' Motion and Amended Motion for Compassionate Relief (Docs. 554 and 568) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 27, 2021**

**STACI M. YANDLE**
**United States District Judge**