UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-30087-002-SMY |
| | ) |
| RONALD L. SEAGRAVES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

This case is before the Court on the Government's Motion to Modify Restitution Payment Schedule (Doc. 617). On March 28, 2008, this Court sentenced Seagraves to 262 months imprisonment followed by 8 years of supervised release (Doc. 193). The Judgment requires Defendant to pay $300 in special assessments and $3,579 in restitution and to pay $25 per quarter or 50% of his wages if employed in UNICOR while he is incarcerated. Seagraves is also required to notify the Court and the U.S. Attorney if he experiences "material changes…in economic circumstances," in accordance with 18 U.S.C. § 3664(k). *Id.* The Government asserts that as of June 14, 2021, Defendant Ronald Seagraves owes a restitution debt to the United States in the amount of $2,807.83 and that Defendant has received substantial funds in his commissary account, but has declined to apply the funds to his restitution debt.

Seagraves's case manager in the Federal Bureau of Prisons submitted a memorandum (Doc. 617-1) stating that she encouraged him to enter a Financial Responsibility Program ("FRP") contract for $25 each month based on his available funds, but Seagraves responded that he was only required to pay $25 per quarter under the terms of his Judgment. Seagraves then told the case manager that he had also received a stimulus check which he sent home to his wife. According to Seagraves's inmate

financial statement (Doc. 617-1, p.3), he received $1,123.70 in deposits during the 6 months prior to May 26, 2021, has withdrawn $971.00 during that period, and had an average daily balance of $521.93.

18 U.S.C. § 3664(n) requires any incarcerated person owing restitution or fines to apply "substantial resources from any source" toward those debts.  On average, Seagraves has received deposits of $187.28 each month over the past 6 months but pays only $25 each quarter (an average of $8.33 per month) toward his restitution debt.  Clearly, Seagraves has received substantial resources, but he has not applied those resources to his criminal debt.

Accordingly, having received notice from the United States of a material change in Defendant's economic circumstances, the Court exercises its authority under 18 U.S.C. § 3664(k) and adjusts Defendant's payment schedule to $100.00 each month while he is incarcerated. Should Defendant's deposits decrease substantially, he may notify the Court of a material change in economic circumstances and request adjustments to his payment schedule.

**IT IS SO ORDERED.**
**DATED:  June 21, 2021**

                                          **STACI M. YANDLE**
                                          **United States District Judge**